IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrol J. Harrison, | ) | No. 2:05-648-18 |
| | ) | 2:92-CR-00446 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This matter is before the court on motion of petitioner Darrol J. Harrison ("petitioner" or "Harrison") made under 28 U.S.C. § 2255. Petitioner asks this court to reduce his sentence pursuant to the rule announced in United States v. Booker, 125 S. Ct. 738 (2005).

## I. Background

    On March 31, 1993, a jury convicted petitioner of several narcotics and money laundering violations in connection with an extensive drug distribution conspiracy. As a result of the jury verdict, on July 30, 1993, petitioner was sentenced to 400 months in federal prison.[1] He and six of his co-defendants appealed their convictions and sentences to the Fourth Circuit, where they were affirmed by published opinion on August 10, 1995. Harrison then petitioned the Supreme Court for a Writ of Certiorari, which was denied on May 20, 1996, making his sentence and conviction final.

---

[1] Petitioner was actually sentenced to 400 months for 4 of the counts and 240 months for the other 10 counts, but his sentences were set to run concurrently, resulting in an effective sentence of 400 months.

On December 12, 2000, petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). This court dismissed petitioner's motion and denied him a Certificate of Appealability ("COA"). The Fourth Circuit dismissed petitioner's subsequent appeal and again denied him a COA. On February 12, 2005, petitioner filed the instant action under § 2255, asking for collateral relief based on the decision of the United States Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005). On May 2, 2005, the government responded and moved to dismiss petitioner's action on several grounds. On May 18, 2005, petitioner replied, and the court now issues its ruling.

In Booker, the Supreme Court reaffirmed its holding from Apprendi (the basis of petitioner's December 12, 2000 motion), stating "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. In so doing, the Court explicitly found the Federal Sentencing Guidelines subject to its holding and subsequently excised the provisions within the guidelines themselves that made their application mandatory. As a result, defendants whose cases were still on direct review became eligible for re-sentencing under the new regime.

As stated above, petitioner's conviction became final on May 20, 1996, before the Court's decision in Booker on January 12, 2005; therefore, in raising his challenge, petitioner must show that Booker somehow entitles him to retroactive relief. While petitioner makes some interesting and creative arguments, existing law does not support

his position but instead requires that this court grant the government's motion to dismiss.

## II. Analysis

Petitioner makes four arguments as to why Booker provides him with grounds for relief: (1) Booker's holding was "sufficiently within the scope of then existing jurisprudence at the time of [his] conviction and sentence to be considered dictated by precedent,"[2] (2) Booker was a "a change in substantive law because the Supreme Court interpreted the Federal Sentencing Act differently than had previously been applied by lower courts," (3) he is actually innocent of the enhancements to his sentence, and (4) "at the time of [his] conviction and sentence, settled law of the circuit or the Supreme Court established the legality of [his] conviction and sentence." The government responds (1) that petitioner's motion is untimely and (2) that it is a successive petition under § 2255 to which the "savings clause" is inapplicable.

### A.     Timeliness and authority to consider a second petition

The court agrees with the government as to both of its points and will therefore dismiss petitioner's motion. Section 2255 of Title 28 of the United States Code, the law under which petitioner moves, provides:

> A 1-year period of limitation shall apply to a motion under
> this section. The limitation period shall run from the latest
> of--
>   (1) the date on which the judgment of conviction
> becomes final;
>   (2) the date on which the impediment to making a motion

---

[2] Included in this argument are petitioner's assertions that his motion is covered by the "savings clause" of 28 U.S.C. § 2255, that the Fourth Circuit's de novo review was improper, and his first assertion that he is actually innocent of the facts supporting his enhancements (the other is contained in argument (4)).

> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such
> governmental action;
>   (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255.  The judgment against petitioner became final on May 20, 1996, much more than a year before he brought this action in February 2005.  Petitioner does not allege any government action that prevented him from making a motion prior to the expiration of that limitations period.  As discussed below, no newly-recognized right announced by the Supreme Court has been made retroactive.  And finally, petitioner has not alleged any new facts that could not have been discovered during the limitations period through the exercise of due diligence.  As such, petitioner has shown no reason why he is entitled to pursue his untimely motion.

In addition to the above hurdle, petitioner admits that this is his second petition for relief under § 2255.  The last sentence of that section provides:

> A second or successive motion must be certified as
> provided in section 2244 [28 U.S.C. § 2244] by a panel of
> the appropriate court of appeals to contain--
>   (1) newly discovered evidence that, if proven and viewed
> in light of the evidence as a whole, would be sufficient to
> establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty
> of the offense; or
>   (2) a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that was
> previously unavailable.

28 U.S.C. § 2255. Petitioner does not allege that he has obtained the requisite certification to file the present appeal; consequently, this court is without authority to grant him the relief he seeks.

Finally, petitioner attempts to avoid the requirement for a COA by arguing that he is entitled to a Writ of Habeas Corpus under 28 U.S.C. § 2241 because his motion fits into the "savings clause" of § 2255. See 28 U.S.C. § 2255 ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). In the Fourth Circuit:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000). Aside from complications as to whether this court is the proper forum for deciding whether petitioner is entitled to seek a Writ of Habeas Corpus under 28 U.S.C. § 2241, the court notes that petitioner cannot show the elements laid out in Jones and, therefore, cannot receive the relief he seeks. Specifically, as addressed below, petitioner cannot show that the substantive law has changed since his first motion under § 2255. For that reason, it is not necessary to

consider the other hurdles to petitioner's motion.[3]

### B.    Retroactivity

Although the court finds that petitioner is not entitled to relief based on the above rulings, it seems as though some retroactivity analysis would be useful in explaining the context of the court's ruling as it relates to petitioner's arguments.

The determination of whether to apply any particular rule of law retroactively involves multiple steps. First, the court must determine whether the rule of law is a substantive rule or a procedural rule because new substantive rules generally apply retroactively while new procedural rules generally do not apply retroactively. Schriro v. Summerlin, 124 S. Ct. 2519, 2522-2523 (2004). Second, if the rule is procedural, the court must then determine whether it is a "new" rule. See Beard v. Banks, 124 S. Ct. 2504, 2510 (2004). If it is a new procedural rule, then the court must further determine whether it is a "watershed" rule. See id. If the rule of law is either a substantive criminal law or a new watershed rule of criminal procedure, then it must be applied retroactively. All others will not be applied retroactively.

### 1.    Substantive or procedural

This portion of the analysis relates to petitioner's argument that Booker was a

---

[3] Petitioner's argument that the Fourth Circuit's de novo review of his conviction– as opposed to a reasonableness review by that court– entitles him to relief is without merit. First, the reasonableness review set out in Booker is only applicable to convictions subject to its holding, a category from which petitioner's conviction is excluded as set out in this opinion. Second, de novo review is less deferential to the district court's ruling than the reasonableness standard; hence its application to petitioner's case could not have been prejudicial. Additionally, while petitioner argues "actual innocence," he does so based on legal conclusions, and the court considers that position to be without merit as well.

change in substantive law and to petitioner's argument that his motion fits under the "savings clause" because the latter argument includes the former as an element. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro, 124 S. Ct. at 2523 (citing Bousley v. United States, 523 U.S. 614, 620-621 (1998) and Saffle v. Parks, 494 U.S. 484, 495 (1990)). By contrast, "rules that regulate only the manner of determining the defendant's culpability are procedural." Id.

The holdings of Apprendi and Booker do not address the scope of conduct prohibited by the criminal law, nor do they speak to the class of persons affected by that law. Instead, the high Court rulings realign the method of determining what conduct has occurred (and the threshold of proof applicable in that determination) with the mandates of the United States Constitution. As the Seventh Circuit put it, "No conduct that was forbidden before Booker is permitted today . . . ." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). The change effected is that judges are no longer bound by sentences prescribed by the Guidelines based on facts they have found by a preponderance of the evidence. In returning judicial discretion to a sentencing scheme based on statutory minimums and maximums, in re-allocating the duties of essential fact-finding to the juries, and in re-affirming the standard of proof attached to that fact-finding, the Supreme Court fine-tuned the machinery that carries out the interdiction of the criminal law, the process. Consequently, the rule announced in Booker is procedural.

### 2.     New or then-existing

This portion of the analysis relates to petitioner's argument that Booker's holding

was dictated by existing precedent and is therefore not new or subject to retroactive restrictions. In order for a criminal procedural rule to be applied retroactively, it must be "new" and it must be a "watershed rule." See Beard, 124 S. Ct. at 2510. A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." Teague v. Lane, 489 U.S. 288, 301 (1989). Said another way, the court must "assay the legal landscape as of [the date petitioner's judgment became final] and ask 'whether the rule later announced in [Booker] was dictated by then-existing precedent– whether, that is, the unlawfulness of [petitioner's] conviction was apparent to all reasonable jurists." Beard, 124 S. Ct. at 2511 (citing Lambrix v. Singletary, 520 U.S. 518, 527-528 (1997)).

As the Sixth Circuit recognized in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), "[t]he Booker rule is clearly new." Id. at 861. Apprendi did not mandate the outcome in Booker. See Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (observing that "before Blakely was decided, every federal court of appeals had held that Apprendi did not apply to guideline calculations made within the statutory maximum" and citing cases from twelve courts of appeals). It is also plain that reasonable jurists could disagree about whether Blakely v. Washington, 124 S. Ct. 2531 (2004), mandated the outcome in Booker. First, Blakely expressly reserved opinion on whether it applied to the Federal Sentencing Guidelines. Blakely, 124 S. Ct. at 2538 n.9. Second, Booker was decided over a four-justice dissent. See Booker, 125 S. Ct. at 802 (Breyer, J., dissenting). Third, there was deep division in the federal judiciary over whether Blakely made Booker inevitable. See Humphress, 398 F.3d at 861-862 (discussing the circuit

split that occurred between the time Blakely was decided and the time Booker was decided). All of these factors inform the court's decision that Booker indeed announced a new rule of criminal procedure.

### 3.    Watershed or something less

A new rule of criminal procedure is of the "watershed" variety if it "implicat[es] the fundamental fairness and accuracy of the criminal proceeding." Saffle, 494 U.S. at 495 (citing Teague, 489 U.S. at 311 (plurality opinion)). "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" Schriro, 124 S. Ct. at 2523 (citing Teague, 489 U.S. at 313.)) Furthermore, the Supreme Court has "repeatedly emphasized the limited scope of [this] exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." Beard, 124 S. Ct. at 2513 (citing O'Dell v. Netherland, 521 U.S. 151, 157 (1997). In fact, a qualifying rule would have to be "'so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge . . . .'" Id. (citing Graham v. Collins, 506 U.S. 461, 478 (1993). And for that reason, "it should come as no surprise that [the Supreme Court has] yet to find a new rule that falls under [this] exception." Id. at 2513-2514.

Booker is not destined to be the first new rule of criminal procedure to qualify under the watershed exception. As the Tenth Circuit observed, the holdings from Blakely (and now Booker) "do[] not affect the determination of a defendant's guilt or

9

innocence. Rather, [they address] only how a court imposes a sentence, once a defendant has been convicted." United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005). Similarly, the Seventh Circuit has commented that:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.

McReynolds, 397 F.3d at 481. As the Supreme Court reasoned in Schriro:

> The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.

Schriro, 124 S. Ct. at 2526. While the Schriro Court was considering whether the rule making it unconstitutional for judges to find aggravating factors authorizing the death penalty was a watershed decision, most courts have found its reasoning persuasive in the present context. See Humphress, 398 F.3d at 863 (finding "Schriro's reasoning applies with equal force to Booker"); McReynolds, 397 F.3d at 480 (finding Schriro is "all but conclusive" on the retroactivity of Booker); see also Varela, 400 F.3d at 868 (relying on Schriro and McReynolds for the same holding). This court, too, finds Schriro persuasive, as well as the courts of appeals that have addressed the issue so far. For those reasons, the court finds that Booker did not announce a watershed rule and cannot therefore be

applied retroactively.[4]

### III. Conclusion

For all of the foregoing reasons, the court rejects petitioner's attempts to sidestep the requirements of § 2255, declines to find that petitioner is entitled to relief under § 2241, and finds that Booker does not apply retroactively to criminal judgments that became final before its release on January 12, 2005.[5]  As a result, petitioner's claim for relief will be **DENIED**, and the government's motion to dismiss **GRANTED**.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

**August 8, 2005**
**Charleston, South Carolina**

---

[4] The court notes that every federal court of appeals to address the issue so far has found that the rule from Booker is not retroactive.  Lloyd v. United States, 407 F.3d 608 (3d. Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d. Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also Schardt v. Payne, No. 02-36164, 2005 U.S. App. LEXIS 13569 (9th Cir. July 8, 2005) (deciding the same issue with regard to Blakely).

[5] The Fourth Circuit recognized, in United States v. Hammoud, 381 F.3d 316, 345 (4th Cir. 2004), that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), did not itself invalidate the Federal Sentencing Guidelines; therefore, Booker's issue date rather than Blakely's date marks the dawning of a new rule and, consequently, the appropriate cut-off point for cases on direct review.  See also Lloyd, 407 F.3d at 615-16 (holding same); Guzman, 404 F.3d at 144 (holding same); McReynolds, 397 F.3d at 481 (holding same).